120 F.3d 269
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Michael Allen DUNN, Defendant-Appellant.
 No. 95-10095.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 14, 1997.**
Decided July 17, 1997.
 
 Before HUG, Chief Judge, KOZINSKI, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Michael Allen Dunn appeals his jury conviction for cultivation of marijuana in violation of 21 U.S.C. § 841(a)(1), use of a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1), possession of an unregistered machine gun and destructive devices in violation of 26 U.S.C. § 5861(d), and manufacture of destructive devices in violation of 26 U.S.C. § 5861(f). We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm in part and reverse in part.
 
 Background
 
 3
 On March 11, 1993, two police officers arrived at a Radio Shack store in Ukiah, California in response to an interrupted 911 call. Dunn had directed one of the store's employees to place the call so that Dunn could report the improper use of a parking space reserved for disabled people, and the store manager had terminated the call because he believed it did not involve an emergency. After the store employees informed the officers of the reason for the 911 call, the officers left the store and Dunn approached them to report the parking violation. Dunn appeared agitated, was talking rapidly in a loud voice, and the officers had difficulty understanding precisely what he was trying to report. However, they did not initially suspect him of any criminal activity. Soon after Dunn initiated the interview, the officers became concerned for their safety because Dunn seemed aggressive and wore a large knife in a sheath on his belt.
 
 
 4
 To ensure their safety, the officers told Dunn that if he wished to continue talking to them he would have to give them his knife. Dunn balked at this request and became more agitated. He asked the officers why they were picking on him. The officers then told Dunn to place his hands on top of his head with his fingers interlaced so that they could take his knife. When Dunn did not comply, the officers stepped forward, each seizing one of his arms, and placed Dunn's hands on top of his head. Dunn did not resist. One of the officers took Dunn's knife from its scabbard, and as he did so the other officer noticed a bulge under Dunn's clothing in the shape of a handgun. The officer felt the bulge to determine if it was a handgun and found a loaded semiautomatic pistol in Dunn's waistband. The officers then arrested Dunn for carrying a concealed firearm and immediately searched him for additional weapons. Altogether, Dunn was carrying two loaded pistols and twenty-three extra rounds of ammunition.
 
 
 5
 After taking Dunn to the police station, one of the officers returned to the site of Dunn's arrest and searched his car. In Dunn's car the police found an assault rifle, a large amount of ammunition, smoke grenades, and two loaded pistols, one of which was an assault pistol equipped with a laser sight and a fully loaded hundred-round magazine. Based on the weapons found on Dunn's person and in his automobile, as well as independently obtained information suggesting that Dunn had grown marijuana on his property, the police obtained a search warrant for Dunn's residence. Searches of Dunn's residence yielded 825 marijuana plants in a subterranean cement bunker and a large cache of weapons including two grenade launchers, three destructive devices, several machine guns, and more than a dozen other firearms.
 
 Search and Seizure
 
 6
 Dunn contends that searches of his person and automobile violated his Fourth Amendment rights, and that the evidence subsequently seized from his residence should have been suppressed as the fruit of those violations. These contentions lack merit.
 
 
 7
 We review de novo a defendant's claim that his Fourth Amendment rights were violated. See United States v. Ewain, 88 F.3d 689, 692 (9th Cir.), cert. denied, 117 S.Ct. 332 (1996). The Fourth Amendment allows a police officer who reasonably believes his safety to be in jeopardy to seize a weapon, see United States v. Flippin, 924 F.2d 163, 166 (9th Cir.1991), or frisk an individual for concealed weapons, see United States v. Cannon, 29 F.3d 472, 476-77 (9th Cir.1994). When an individual has been lawfully arrested, the police may search his person to ensure the officers' safety and prevent the destruction or loss of evidence. See United States v. Hudson, 100 F.3d 1409, 1419 (9th Cir.1996). Furthermore, the police may search the interior of an automobile if they have probable cause to believe it contains evidence of a crime. See United States v. Rambo, 74 F.3d 948, 953 (9th Cir.), cert. denied, 117 S.Ct. 72 (1996).
 
 
 8
 The seizure of Dunn's knife, and seizure of his person in order to take the knife, did not violate Dunn's Fourth Amendment rights because it was based on a reasonable belief that Dunn was dangerous and was "strictly circumscribed by the exigencies which justifi[ed] its initiation." See Michigan v. Long, 463 U.S. 1032, 1050-51, 1051 n. 15 (1983) (police entitled to conduct protective search after seeing large knife in plain view inside defendant's car) (quoting Terry, 392 U.S. at 26); Flippin, 924 F.2d at 166; see also United States v. Condo, 782 F.2d 1502, 1506 (9th Cir.1986) (stating that police must be given "considerable latitude in selecting" means used to ensure their safety); United States v. Patterson, 648 F.2d 625, 632-33 (9th Cir.1981) (approving reasonable use of force to make Terry stop).
 
 
 9
 Additionally, the search of the gun-shaped bulge in Dunn's clothing and seizure of the gun from his waistband was clearly justified by a reasonable concern for the officers' safety. See United States v. Hill, 545 F.2d 1191, 1193 (9th Cir.1976) (per curiam); Cannon, 29 F.3d at 476-77. After Dunn was arrested for carrying the concealed firearm in his waistband, the search of his person constituted a lawful search incident to arrest. See Hudson, 100 F.3d at 1419.
 
 
 10
 The police officer who searched Dunn's car had probable cause to believe that he would find additional illegal weapons there based on Dunn carrying two fully loaded, concealed handguns, each with a round in the chamber, a number of bullets that had been modified to penetrate bullet-proof vests, and one bullet that did not fit either gun found on Dunn's person. See Rambo, 74 F.3d at 953. Moreover, Dunn had given evasive responses to questions regarding whether he had traveled to town from his rural residence in a car and whether his car contained additional weapons. See United States v. O'Connor, 658 F.2d 688, 693 (9th Cir.1981) (noting that evasive answers to police questioning helped establish probable cause to seize evidence); cf. United States v. Richards, 500 F.2d 1025, 1029 (9th Cir.1974) (holding that evasive answers to police questioning justified extending investigative stop).
 
 
 11
 Finally, the search of Dunn's residence, probable cause for which was based in part on the evidence seized from his person and automobile, was valid because those earlier searches did not violate Dunn's Fourth Amendment rights.
 
 
 12
 Accordingly, the district court properly denied Dunn's motion to suppress the seized evidence.
 
 Instructional Error
 
 13
 Dunn contends that the district court improperly instructed the jury regarding the elements of 18 U.S.C. § 942(c). As the government concedes, this contention has merit.
 
 
 14
 The district court's jury instruction that the term "use" in section 924(c)(1) required only that a firearm be in Dunn's possession or control and available to him during the cultivation of marijuana did not comport with the Supreme Court's decision in United States v. Bailey and therefore Dunn's conviction under that section is reversed. See United States v. Garcia, 77 F.3d 274, 277 (9th Cir.1996) (quoting United States v. Bailey, 116 S.Ct. 501, 506 (1995)).
 
 
 15
 We REVERSE Dunn's conviction under 18 U.S.C. § 924(c)(1) and REMAND to the district court for resentencing. We AFFIRM the judgment of the district court in all other respects.
 
 
 16
 AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4. Accordingly, Appellant's request for oral argument is denied
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3